UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

RAY BOURHIS ASSOCIATES,

    Plaintiff,

    v.

PRINCIPAL LIFE INSURANCE COMPANY,

    Defendant.

Case No. 3:15-cv-04329-LB

**ORDER DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[Re: ECF No. 10]

# INTRODUCTION

This lawsuit was filed on August 24, 2015, served on August 25, 2015, and removed to federal court on September 22, 2015. (Notice of Removal, ECF No. 1.[1]) On September 29, 2015, in lieu of a motion to dismiss, the defendant Principal Life Insurance Company moved for summary judgment on the ground that California Code of Civil Procedure § 339(1)'s two-year statute of limitations bars the claims. (Motion, ECF No. 10.) The court denies the motion.

# STATEMENT

The plaintiff Robert Bourhis Associates ("RBA") is a law firm. (Complaint, ECF No. 1-1, ¶ 1.) In 2012, RBA entered into a legal representation agreement with Donna Hill ("the Agreement") to represent Ms. Hill in her claim for disability insurance benefits against Principal. (*Id.* ¶ 6 & Ex. 1.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:15-cv-04329-LB)

The Agreement provided that "[Ms. Hill] assigned to [RBA] an attorneys' fee of 33 1/3% of any and all amounts of recovery prior to the filing of suit and commencement of depositions in said suit . . . ." (*Id.* ¶ 7 & Ex. 1.)

At the same time, Principal received an "Authorization of Attorney Representation" letter from RBA that was signed by Ms. Hill. (*Id.* ¶ 8 & Ex. 2.) The letter stated that RBA represented Ms. Hill and instructed Principal to "[p]lease direct all communications regarding [Ms. Hill's] claim to [RBA]." (*Id.* ¶ 8 & Ex. 2.) Principal complied with the Authorization from October 2012 until February 2013. (*Id.* ¶ 10.) During this time period, Principal sent all correspondence to Ms. Hill through RBA. (*Id.*)

On March 1, 2013, Principal approved Ms. Hill's claim for disability insurance benefits. (*Id.* ¶ 11.) It sent RBA two checks totaling $56,090, which represented the past benefits owed to Ms. Hill. (*Id.*) Under her policy, for as long as she is disabled and until she turns 65 in 2032, Ms. Hill is entitled to receive $7,900 per month from Principal. (*Id.* ¶ 13.)

With the checks, Principal sent a letter to RBA that stated, "If you [RBA] want us [Principal] to send Dr. Hill's payment directly to her please let us know." (*Id.* ¶ 11 & Ex. C.) Enclosed with this letter was an application for direct deposit that Ms. Hill could submit. (*Id.* & Ex. C.) Neither RBA nor Ms. Hill responded to Principal's letter, and RBA continues to represent Ms. Hill. (*Id.* ¶ 12.) At no point was Principal ever informed that RBA was no longer representing Ms. Hill. (*Id.*)

According to the Agreement and Authorization, RBA's practice with respect to ongoing claims (such as Ms. Hill's) is to monitor the claim and any and all requests or demands from the insurer for updated medical, vocational, or other information. (*Id.* ¶ 14.) When RBA receives benefit checks, it deposits them into a trust account and distributes the monies pursuant to the Agreement. (*Id.*)

In April 2013, Principal began to send Ms. Hill's monthly benefit checks directly to her, despite knowing that RBA still represented her. (*Id.* ¶ 16.) Principal never notified RBA that this change had taken place. (*Id.*) Because no correspondence was sent to RBA and no checks went through its office, RBA was not aware that Principal did this. (*Id.*)

Nearly two years later, in March 2015, RBA realized that Principal had been improperly

ORDER (No. 3:15-cv-04329-LB)

paying benefits directly to Ms. Hill. (*Id.* ¶ 17.) Not wanting to endanger its relationship with Ms. Hill, RBA demanded in letters and phone calls to Principal that Principal pay it 33 1/3 of the total benefits Principal had paid directly to Ms. Hill from April 2013 forward. (*Id.* ¶ 17.) Since March 2015, Principal has repeatedly refused to take responsibility for its improper payments to Ms. Hill or reimburse RBA for the payments in question. (*Id.* ¶ 18.)

RBA filed its lawsuit against Principal in San Francisco Superior Court on August 24, 2015, alleging two claims: intentional interference with contractual relations and negligent interference with prospective economic advantage. (Complaint, ECF No. 1-1, ¶¶ 20-35.) Principal timely removed the action to federal court on September 22, 2015 and then, without answering the complaint or filing a Rule 12(b)(6) motion to dismiss, moved for summary judgment on the ground that the two-year statute of limitations barred the claims. (Notice of Removal, ECF No. 1; Motion, ECF No. 10.) In support of its motion, it filed two declarations: 1) the Declaration of Michael Brisbin, which attaches RBA's complaint as an exhibit, and 2) the Declaration of Doug Hanselman, which states that he wrote the March 1, 2011 letter from Principal and confirms that RBA contacted Principal in March 2015 about the payments (as RBA alleged in Paragraph 17 of the complaint). (Brisbin Decl., ECF No. 8-1; Hanselman Decl., ECF No. 10-1.) RBA opposed the motion, submitting its own declaration, and Principal filed its reply, also moving to strike RBA's evidence. (Opposition, ECF No. 13; Whitehead Decl., ECF No. 13-1; Reply, ECF No. 14.) The court held a hearing on November 12, 2015. (Minute Order, ECF No. 16.)

## GOVERNING LAW

**1. Tolling of Time to File Answer**

A party may move at any time, with or without supporting affidavits, for summary judgment on part or all of the claims. *See* Fed. R. Civ. P. 56(b). This means that a party may file a summary-judgment motion before filing an answer. In contrast to Rule 12(a), which extends the time to file an answer when a Rule 12 motion is made, Rule 56 is silent about whether filing a summary-judgment motion tolls the time to file an answer. Some courts and commentators have concluded that by analogy to Rule 12(a), it is appropriate to extend the time to file the answer until after the court decides the summary-judgment motion "where such motion adequately contest the action."

ORDER (No. 3:15-cv-04329-LB)

3

*See Mann v. Lee*, No. C 07-00781 (MMC), 2009 U.S. Dist. Lexis 119744, at *4-7 (N.D. Cal. Dec. 22, 2009) (collecting cases and citing 10A Wright & Miller, Fed. Prac. & Proc. § 2718 at 301 (3d ed. 1998)); *but see* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. before Trial § 8:881 (The Rutter Group 2015) (citing *Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) (the filing of a motion for summary judgment under Rule 56 does not toll the time to answer)).

Here, the plaintiff did not dispute that the summary-judgment motion adequately contests the action. The court concludes that it does; it challenges whether the action is timely, a challenge that often is brought under Rule 12(b)(6). By analogy to Rule 12(a)(4), the court extends the time to file an answer. *See Mann*, 2009 U.S. Dist. Lexis 119744, at *4-7.

**2. Summary-Judgment Standard**

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325).

ORDER (No. 3:15-cv-04329-LB)

4

1       If the moving party meets its initial burden, then the burden shifts to the non-moving party to
2  produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co.*, Ltd., 210 F.3d
3  at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse
4  party's evidence, but instead must produce admissible evidence that shows there is a genuine issue
5  of material fact for trial. *See Devereaux*, 263 F.3d at 1076. If the non-moving party does not
6  produce evidence to show a genuine issue of material fact, the moving party is entitled to
7  summary judgment. *See Celotex*, 477 U.S. at 323.
8       In ruling on a motion for summary judgment, inferences drawn from the underlying facts are
9  viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith
10 Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

12      Principal argues that summary judgment in its favor is appropriate because California Code of
13 Civil Procedure § 339(1)'s two-year statute of limitations bars the claims. The court cannot reach
14 that conclusion on this record.
15      The court has diversity jurisdiction and thus applies the state statute of limitations. *See
16 Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110-111 (1945). The parties do not dispute
17 that California Code of Civil Procedure § 339(1)'s two-year statute of limitations for tort actions
18 applies to RBA's tort claims for intentional interference with contractual relations and negligent
19 interference with prospective economic advantage. *See Knoell v. Petrovich*, 76 Cal. App. 4th 164,
20 168 (1999) (the trial did not err by applying the two-year statute of limitations found in California
21 Code of Civil Procedure § 339(1) to the plaintiff's claims for interference with contractual
22 relations and interference prospective business advantage); *see also Bradix v. Seton Med. Ctr.*, No.
23 C 12-2096 SI, 2012 WL 4903011, at *4 (N.D. Cal. Oct. 16, 2012) ("Under California law, a cause
24 of action for intentional interference with a contractual relationship must be brought within two
25 years."); *High Country Linens, Inc. v. Block*, No. C 01-02180 CRB, 2002 WL 1998272, at *2 n.1
26 (N.D. Cal. Aug. 20, 2002) ("Plaintiff's claim of interference with prospective economic advantage
27 is also time-barred by the two-year statute of limitations established by Cal. Civ. Proc. Code §
28 339.").

The two-year limitations period starts running when the cause of action accrues. Cal Code. Civ. P. § 312; *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal.4th 797, 806 (Cal. 2005). "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'" *Fox*, 35 Cal.4th at 806 (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (Cal. 1999)). The discovery rule is an exception to this general rule of accrual:

> [A]n exception to the "general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox*, 35 Cal. 4th at 806 (citing *Norgart*, 21 Cal. 4th at 39; *Neel* [*v. Magana*], 6 Cal. 3d [176,]187 [(1971)]). In several opinions over the past forty years, the California Supreme Court has articulated a standard for the application of the discovery rule, at least in the tort context. *See generally Fox*, 35 Cal. 4th 797; *Norgart*, 21 Cal. 4th 383; *Bernson v. Browning–Ferris Indus.*, 7 Cal. 4th 926 (Cal. 1994); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (Cal. 1988); *Gutierrez v. Mofid*, 39 Cal. 3d 892 (Cal. 1985); *Sanchez v. South Hoover Hosp.*, 18 Cal. 3d 93 (Cal. 1976). As the California Supreme Court explained:
>
> > A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements." Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period. *Norgart* explained that by discussing the discovery rule in terms of a plaintiff's suspicion of "elements" of a cause of action, it was referring to the "generic" elements of wrongdoing, causation, and harm. In so using the term "elements," we do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them.

*Fox*, 35 Cal. 4th at 806 (internal citations omitted).

*Wakefield v. Wells Fargo & Co.*, No. C 13–05053 LB, 2014 WL 5077134, at *9 (N.D. Cal. Oct. 9, 2014).

The parties do not dispute that RBA's claims accrued in April 2013, when Principal began to send Ms. Hill's monthly benefit checks directly to her. (*See* Motion, ECF No. 10 at 6 (citing Complaint, ECF No. 1-1, ¶ 16.)). The two-year statute of limitations thus bars RBA's claims, asserted in a lawsuit filed more than two years later on August 24, 2015, unless the discovery rule postponed the accrual of its claims. Principal argues that the discovery rule does not postpone accrual, and there are no triable issues of material fact to suggest otherwise, because RBA should have known of its allegedly wrongful conduct "in April or May 2013." (*Id.* at 7-8.) On this record,

ORDER (No. 3:15-cv-04329-LB)

6

the court disagrees and concludes that there are triable issues of material fact. Principal, as the party moving for summary judgment, has not met its burden to show otherwise.

RBA alleges that it did not realize until March 2015 that Principal was sending Ms. Hill's monthly benefit checks directly to her. (Complaint, ECF No. 1-1, ¶ 17). Principal asserts that RBA "fails to provide any explanation as to why its office, its office manager, its office staff, its bookkeeper, its accountant, its lead attorney handling the case, Mr. Bourhis himself, or any of other employees of [RBA], responsible for receiving and negotiating benefit checks, failed to realize, notice, or inquire about, not receiving $2[,]633.07 per month ($7,900 v .3333) in attorney fees from the disability benefit check for [Ms.] Hill beginning in April 2013." (Motion, ECF No. 10 at 7.) RBA's "failure to notice missing income of $5,266.14 after two months, $7,899.21 after three months, and $10,532.28[ ] after four months," Principal contends, "is clearly the fault of [RBA] its office, its staff, its bookkeeper, Mr. Bourhis, its accounting and bookkeeping system." (*Id.*) Principal concludes that the "only" inference to be drawn "from the facts [RBA] alleges" is that RBA "inexcusably failed to properly account for, and reconcile monthly, the attorney fees it was to receive from [Ms.] Hill or [her] disability checks" and thus (essentially) entitles it to judgment as a matter law. (*Id.* at 8.)

Based only on the complaint's allegations (the only "evidence" that Principal cites), the court disagrees that − as a matter of law − the only inference is that RBA's failure is inexcusable. Thus, on this record, there are triable issues of material fact about the application of the statute of limitations.

## CONCLUSION

Because the court concludes that Principal did not meet its summary-judgment burden, the court 1) denies its summary-judgment motion and 2) does not consider RBA's evidence and thus denies Principal's motion to strike it. This disposes of ECF No. 10.

**IT IS SO ORDERED.**

Dated: November 16, 2015

_____
LAUREL BEELER
United States Magistrate Judge